■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIO ARMOND, Appellant. [67 NYS3d 19]—

Judgment, Supreme Court, New York County (Robert M. Stolz, J.), rendered March 4, 2015, convicting defendant, after a jury trial, of robbery in the third degree, and sentencing him, as a second felony offender, to a term of 3½ to 7 years; and order, same court and Justice, entered on or about December 21, 2016, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.

The verdict was supported by legally sufficient evidence, and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations, including its resolution of inconsistencies in testimony. The jury could have readily rejected, as implausible, the defense theory that the incident was a larceny and not a robbery. We have considered and rejected defendant's remaining arguments relating to the sufficiency and weight of the evidence.

The court providently exercised its discretion in denying defendant's CPL 440.10 motion without holding a hearing (*see People v Samandarov*, 13 NY3d 433, 439-440 [2009]). Based on the submissions on the motion, as well as the trial record, we conclude that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). Defendant cites counsel's failure to conduct an investigation of the victim (a taxi driver), which would have revealed a case before the Taxi and Limousine Commission imposing sanctions on the victim in connection with a car accident. However, defendant has not shown that this deficiency rose to the level of depriving defendant of a fair trial or affecting the outcome of the case. This lone incident, resulting only in civil sanctions, was unlikely to have had a significant impact in impeaching the victim's general credibility.

The court also properly rejected the branch of the CPL 440.10 motion claiming that the People violated their obligations

under *Brady v Maryland* (373 US 83 [1963]) by failing to disclose the above-discussed potential impeachment material. There was no showing that this information was in the People's "custody, possession, or control" (*People v Garrett*, 23 NY3d 878, 886 [2014]), or that such knowledge should be imputed to them. The submissions on the motion satisfactorily refute defendant's claim that a remark by the prosecutor during jury selection demonstrated her knowledge of this information.

We perceive no basis for reducing the sentence. Concur—Friedman, J.P., Gische, Webber, Kahn and Singh, JJ.